**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Noodles Development, LP, | No. CV-09-01094-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Latham Noodles, LLC; Clifton Park Noodles, LLC; Jennifer Matteo; Chris Holmes; Todd Leach; Todd Bronson; Mark Matteo, | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Reopen Case and Proceed with Litigation. (Doc. 35.) The Court will grant the motion.

Plaintiff Noodles Development ("Franchisor") filed suit in May 2009 against Defendants, claiming trademark and trade dress infringement, trade secret misappropriation, and breach of contract. Defendants collectively moved to compel arbitration, and this Court granted their motion in August 2009. (*See* Doc. 27.) This Court stayed the case, but Franchisor did not file a demand for arbitration until January 2010, and may not have timely paid its share of the arbitration fees. These delays prompted this Court to enter final judgment requiring arbitration. (*See* Docs. 30, 34.)

Franchisor now informs this Court that it has paid its share of the arbitration fees. Further, Franchisor states that, soon after it initiated arbitration, Defendants' arbitration counsel (Mario Herman) stopped representing all Defendants save for Chris Holmes and

Todd Leach. Holmes and Leach answered the demand for arbitration, but refused to pay their share of the arbitration fees. The remaining Defendants did not answer the demand or otherwise appear. Franchisor therefore filed the motion to reopen at issue here, asking this Court to declare that all Defendants have waived their right to arbitrate.

Before responding, Defendants' litigation counsel (Mario Herman and Lang Baker & Klain) withdrew, through appropriate procedures, from representing all Defendants except Leach. Leach then filed a response to Franchisor's motion to reopen. Leach asserted that, about a week after Franchisor filed its motion, he paid his share of the arbitration fees. No other Defendant responded to Franchisor's motion (although Latham Noodles and Clifton Park Noodles could not do so because they are not natural persons, and therefore incapable of representing themselves *pro se*).

All Defendants except Leach — which the Court will refer to as the unrepresented Defendants — have waived their right to arbitrate. "To demonstrate waiver of the right to arbitrate, a party must show: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009) (internal quotation marks omitted). First, the unrepresented Defendants moved to compel arbitration, demonstrating their knowledge of such a right. Second, they acted inconsistently with that right by failing to respond to the demand for arbitration, or (in Holmes's case) responding but otherwise stalling by refusing to pay required fees. Third, Franchisor has suffered prejudice — the unrepresented Defendants forced Franchisor out of this Court and into arbitration, and then refused to arbitrate, causing Franchisor to incur additional costs (such as the cost of this motion) and otherwise delaying and frustrating Franchisor's right to resolve its grievances. Franchisor itself caused some delay when it waited four months to file an arbitration demand, but the unrepresented Defendants conduct since that time nonetheless shows that they have waived their right to arbitrate.

Whether Leach also waived is somewhat more difficult because Leach has now begun paying arbitration fees. However, Ninth Circuit precedent indicates that this has little effect on the waiver analysis if the allegedly waiving party did not begin participating until after it faced the prospect of being forced back into court. In *Brown v. Dillards, Inc.*, 430 F.3d 1004 (9th Cir. 2005), the Ninth Circuit resolved a case in which Dillards had required its employees to agree to arbitrate employment disputes such as wrongful termination. Sometime later, Dillards fired employee Stephanie Brown, and Brown demanded arbitration, alleging wrongful termination. Dillards refused to answer the demand or pay its share of the arbitration fees, so Brown filed suit. In response, Dillards moved to compel arbitration. *Id.* at 1006–09. The district court denied Dillards motion, and the Ninth Circuit found two bases for affirming. First, Dillards had defaulted in its obligation to arbitrate, thus bringing the case within the Federal Arbitration Act's exception for cases in which "the applicant for the stay [of litigation in favor of arbitration] is . . . in default in proceeding with such arbitration." *See id.* at 1009–12; 9 U.S.C. § 3. Second, Dillards had waived its right to arbitrate by knowing that it had such a right, refusing to participate when Brown demanded arbitration, and causing prejudice to Brown through delay and unnecessary costs. *Brown*, 430 F.3d at 1012–13.

Like Dillards, Defendant Leach expressed his preference to arbitrate, then refused to participate when Franchisor actually demanded arbitration. When Franchisor moved to reopen, Leach finally paid up and returned to this Court to say that he is *now* ready to arbitrate. Dillards may also have been ready to arbitrate after Brown filed suit, but just as it was too late for Dillards then, it is too late for Leach now. *See also Sink v. Aden Enters., Inc.*, 352 F.3d 1197, 1201 (9th Cir. 2003) (refusing to compel arbitration where party had failed to pay fees and arbitrator had declared default; expressing concern that compelling additional arbitration "would also allow a party refusing to cooperate with arbitration to indefinitely postpone litigation" and frustrate Federal Arbitration Act's purpose to promote "efficient and expeditious resolution of claims"). Leach knew of his right to arbitrate, acted

1 inconsistently with that right by failing to pay arbitration fees, and prejudiced Franchisor
2 through delay and extra costs. Leach therefore waived his right to arbitrate.

3      IT IS THEREFORE ORDERED that Plaintiff's Motion to Reopen Case and Proceed
4 with Litigation (Doc. 35) is GRANTED.

5      IT IS FURTHER ORDERED that this Court's Judgment (Doc. 34) is VACATED.
6 Given that all Defendants have already answered Plaintiff's complaint (*see* Doc. 16), the
7 Court will soon issue an order setting a scheduling conference.

8      DATED this 19th day of January, 2011.

           */s/ Neil V. Wake*
           Neil V. Wake
           United States District Judge